IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROSE ADANMA DURU,                    §
                                     §
            Plaintiff,               §
                                     §
V.                                   §          No. 3:14-cv-3817-N-BN
                                     §
TSPMG KAISER PERMANENTE              §
GEORGIA, ET AL.,                     §
                                     §
            Defendants.              §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial

management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the

District Court. The undersigned magistrate judge issues the following findings of fact,

conclusions of law, and recommendation.

**Background**

On October 24, 2014, Plaintiff Rose Adanma Duru, proceeding *pro se*, filed a

four-page, handwritten complaint alleging causes of action for "intentional medical

malpractice"; "criminal negligence"; "depraved indifference"; "conspiracy with the

intention to kill with legal dosages of prescription medications"; and "manipulation of

medical records" against eight defendants. *See* Dkt. No. 3. While Plaintiff sought to

proceed *in forma pauperis*, *see* Dkt. No. 5, on October 27, 2014, the undersigned found

that she would suffer no undue financial hardship after payment of the filing fee to

initiate this action and gave Plaintiff until November 28, 2014 to pay the filing fee, *see*

Dkt. No. 6.

Plaintiff paid the filing fee on November 14, 2014, and, that day, the Court issued an order [Dkt. No. 7] noting (1) that it was her responsibility to properly serve the defendants under Federal Rule of Civil Procedure 4, *see* FED. R. CIV. P. 4(c), 4(h), and 4(*l*), and (2) that, if proper service is not made within 120 days after the complaint was filed, her case would be subject to dismissal without prejudice unless she presented good cause for a failure to timely and properly effect service and for the Court to extend the time for service for an appropriate period, *see* FED. R. CIV. P. 4(m).

Several summonses were issued, *see* Dkt. Nos. 9-11; some returns have been docketed, *see* Dkt. Nos. 12-18; and, on January 28, 2015, Defendants The Southeast Permanente Medical Group, Inc. (improperly identified in the complaint as TSPMG Kaiser Permanente Georgia) ("TSPMG"), Dr. Robert Schreiner, Dr. Reed Pitre, Kerry Kohnen, Dr. Lawrence Carver, and Dr. Jeffrey Klopper (collectively, "Moving Defendants") moved to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(2), (5), and (6), *see* Dkt. No. 19; *see also* Dkt. Nos. 20-21. Pursuant to the briefing order entered on January 29, 2015, *see* Dkt. No. 22, Plaintiff has filed a response, *see* Dkt. No. 23, and Moving Defendants have filed a reply, *see* Dkt. No. 25.

The undersigned now concludes that Moving Defendants' motion to dismiss [Dkt. No. 19] should be granted and that Plaintiff's claims against all defendants, including Kaiser Family Foundation Georgia and Dr. Enrique Galura, both named as defendants but not yet appearing, should be dismissed without prejudice to Plaintiff's right to renew her claims by filing an amended complaint that complies with Federal

Rule of Civil Procedure 8 in a jurisdiction where personal jurisdiction over the defendants could be obtained.

## Legal Standards

Personal Jurisdiction

Moving Defendants all claim to be residents of Georgia and first move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2), asserting that this Court lacks personal jurisdiction over them. When a non-resident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that this Court has jurisdiction over the nonresident. *See Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 431 (5th Cir. 2014); *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008). If the Court decides the matter without an evidentiary hearing, the plaintiff may meet its burden by presenting a prima facie case for personal jurisdiction. *See Gardemal v. Westin Hotel Co.*, 186 F.3d 588, 592 (5th Cir. 1999); *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)

A federal district court may exercise personal jurisdiction over a non-resident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant and (2) the exercise of jurisdiction by the forum state is consistent with due process under the United States Constitution. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009). Due process requires the satisfaction of two elements to exercise personal jurisdiction over a non-resident defendant: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on his part such that the nonresident could anticipate

being haled into the courts of the forum state and (2) it must be fair or reasonable to require the nonresident to defend the suit in the forum state. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-78 (1985); *Johnston*, 523 F.3d at 609. The Due Process Clause ensures that persons have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (internal quotation marks omitted). Personal jurisdiction must be assessed on an individual-defendant basis. *See Rush v. Savchuk*, 444 U.S. 320, 332 (1980).

To establish minimum contacts with the forum, a non-resident defendant must do some act by which he "purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (internal quotation marks omitted). But the unilateral activity of one asserting a relationship with the non-resident defendant does not satisfy this requirement. *See id.* at 474; *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984). In determining whether the exercise of jurisdiction is appropriate, the United States Supreme Court has focused less on presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *See Quill Corp. v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of personal jurisdiction may be exercised over a non-resident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the

forum state and those contacts meet the due process standard. *See J.R. Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 871 (5th Cir. 2000). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corp. v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*,134 S. Ct. 1115, 1121 (2014). "'First, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State.'" *Id.* at 1122 (emphasis in original) (quoting *Burger King*, 471 U.S. at 475). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* (citations omitted). Specific jurisdiction is a "claim-specific inquiry," so a plaintiff must establish specific jurisdiction for each claim asserted. *Dontos v. Vendomation NZ Ltd.*, 582 F. App'x 338, 343 (5th Cir. Sept.16, 2014) (quoting *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006)).

General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "continuous and systematic," even though the claim is unrelated to those contacts. *Helicopteros Nacionales*, 466 U.S. at 415-16. The Supreme Court recently observed that the proper consideration when determining general jurisdiction is "whether that corporation's 'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.'" *Daimler AG*

*v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011)) (alteration in original). The Supreme Court held that, as to a corporation, "the place of incorporation and principal place of business" are where it is "at home" and are thus paradigm bases for jurisdiction. *Id.* at 760. It is, therefore, "incredibly difficult" to establish general jurisdiction in a forum other than the place of incorporation or principal place of business. *Monkton Ins. Servs.*, 768 F.3d at 432. A nonresident that merely does business with Texas businesses or customers will not be subject to general jurisdiction here unless it also has a lasting physical presence in the state. *See Access Telecom, Inc. v. MCI Telecomms. Corp.*, 197 F.3d 694, 717 (5th Cir. 1999); *see also Johnston*, 523 F.3d at 614 (general jurisdiction not conferred simply by advertising within a state or traveling to the state at regular intervals).

Under both specific and general jurisdiction analyses, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts ... or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted). A plaintiff must establish a substantial connection between the non-resident defendant and the forum state. *See Jones v. Petty–Ray Geophysical Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir. 1992).

Sufficiency of Service of Process

Defendants also invoke Federal Rule of Civil Procedure 12(b)(5) – which provides for dismissal for insufficient service of process – as a basis to dismiss Plaintiff's complaint. The Court notes, as a preliminary matter, that *pro se* status does not excuse a litigant's failure to effect service of process. *See Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Federal Rule of Civil Procedure 4(e) requires service on individuals in the United States be made in one of two ways: (1) pursuant to the law of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's home with a person of suitable age and discretion or with an authorized agent. *See* FED. R. CIV. P. 4(e)(1), (2). Similarly, corporations, partnerships, or associations in a judicial district of the United States also may be served in one of two ways: (1) pursuant to the law of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant. *See* FED. R. CIV. P. 4(h)(1). Texas law provides for service by registered or certified mail, with return receipt requested. *See* TEX. R. CIV. P. 106(a).

Failure to State a Claim

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss[,]" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and

directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context also include attachments to the complaint. *See Katrina*, 495 F.3d at 205. Otherwise, for purposes of deciding a Rule 12(b)(6) motion to dismiss, the Court may not consider other documents.

"Because Plaintiff is proceeding *pro se*, the Court liberally construes her complaint with all possible deference." *Muthukumar v. University of Tex. at Dallas*, Civil Action No. 3:10-cv-115-B, 2010 WL 5287530, at *2 (N.D. Tex. Dec. 27, 2010) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *see Jackson v. Roche*, Nos. 7:04-cv-133-O & 7:02-cv-111-R, 2008 WL 2579677, at *4 (N.D. Tex. June 27, 2008) ("Because Plaintiff filed his complaint as a *pro se* litigant, this Court is obligated to construe the complaint liberally." (citations omitted)); *but see Smith v. CVS Caremark Corp.*, Civil Action No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("Although the Court and the parties should liberally construe *pro se* pleadings, such a liberal construction does not require that the Court or a defendant create causes of action where there are none." (footnote omitted)).

Accordingly, "before a court dismisses a complaint under Rule 12(b)(6) for failure to state a claim, a *pro se* plaintiff [generally] should be given an opportunity to amend." *Muthukumar*, 2010 WL 5287530, at *2 (citing *Barowx v. Scott*, 136 F.3d 1053, 1054

(5th Cir. 1998) (per curiam)).

## Analysis

Moving Defendants contend, as a threshold matter, that the Court should dismiss Plaintiff's claims against them because they personally are not subject to the jurisdiction of this Court. *See* Dkt. No. 19 at 7-12 (citing declarations of those defendants [Dkt. Nos. 20-1 to 20-6] attesting to certain jurisdictional facts, including that (1) TSPMG neither maintains a business office, pays taxes, nor has employees in Texas; (2) all individual defendants moving for dismissal reside in Georgia; (3) none of those individual defendant owns property, operates a business, pays taxes, has employees, or maintains a bank account or telephone listing in Texas and, as to those who have visited Texas, those visits have been sporadic and/or temporally attenuated; and (4) the individual doctor defendants moving for dismissal – Drs. Schreiner, Pitre, Carver, and Klopper – are all licensed in Georgia and are not licensed in Texas and have neither provided medical treatment to any individual in Texas nor referred Plaintiff to receive medical treatment – or prescription medication – in Texas).

Because the Court is deciding Moving Defendants' motion without an evidentiary hearing, it is Plaintiff's burden – not those defendants' – to present a *prima facie* case for personal jurisdiction. *See Monkton Ins. Servs.*, 768 F.3d at 431; *Johnston*, 523 F.3d at 609; *Gardemal*, 186 at 592; *Wilson*, 20 F.3d at 648. In neither the complaint – in which the only jurisdictional allegations as to all defendants tie them to the State of Georgia, *see* Dkt. No. 3 at 1 – nor in her response to the motion to dismiss – in which Plaintiff wrongly asserts that this Court "has jurisdiction over any

resident of any state of the union," *see* Dkt. No. 23 at 1 – does Plaintiff present a *prima facie* case, for either specific or general personal jurisdiction.

Taking all allegations in Plaintiff's complaint as true, she still has failed to show a substantial connection between any defendant and the State of Texas. Thus, Plaintiff's claims against Moving Defendants should be dismissed under Rule 12(b)(2). *See Kelley v. Bergamino*, No. 3:08-cv-887-B, 2009 WL 174131, at *2 (N.D. Tex. Jan. 23, 2009) ("Taking all factual allegations in Kelley's complaint as true, Kelley has failed to present a *prima facie* case for the Court's exercise of personal jurisdiction over the Defendants.... Therefore, the Court may dismiss the claims for lack of personal jurisdiction." (citations omitted)); *cf. NetKnowledge Techs., L.L.C. v. Baron Capital V, Inc.*, No. 3:02-cv-2406-M, 2003 WL 23201333, at *3 (N.D. Tex. July 24, 2003) (granting Rule 12(b)(2) motion – with the benefit of an evidentiary hearing – after noting that plaintiff "ha[d] failed to provide sufficient evidence of minimum contacts to support even a *prima facie* case for specific or general personal jurisdiction, let alone to satisfy the burden of proof by a preponderance of the evidence").

Because the undersigned finds that the Court does not have personal jurisdiction over Moving Defendants, it is not necessary to consider their Rule 12(b)(5) motion to dismiss for lack of sufficiency of process. *See, e.g., Hageman v. Corporación EG, S.A. de C.V.*, No. SA:14-CV-976-DAE, 2015 WL 1510009, at *12 (W.D. Tex. Mar. 31, 2015) ("Because this Court does not have personal jurisdiction over [defendant], [its] Rule 12(b)(5) Motion to Dismiss for Insufficient Service of Process is MOOT.").

As to dismissal for failure to state a claim, however, the undersigned

recommends dismissal of the complaint, in its limited entirety – the first page asserts five incredible claims, the second page names eight defendants, and the third and fourth pages are reserved for Plaintiff to list a litany of harms that she claims to have suffered and to spell out the relief she seeks. But completely lacking in the complaint is factual content, much less enough "factual content [to] allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Said somewhat differently, Plaintiff has failed to "plead facts sufficient to show" that any claim she asserts – against any defendant, not just Moving Defendants – has "substantive plausibility," because she has failed to state "simply, concisely, and directly events" that she contends entitle her to any relief. *Johnson*, 135 S. Ct. at 347.

Relatedly, although neither Kaiser Family Foundation Georgia nor Dr. Galura have moved to dismiss Plaintiff's complaint, because the complaint does not distinguish which actions are asserted against which defendants, any claims against Kaiser Family Foundation Georgia and Dr. Galura are indistinguishable from the claims against Moving Defendants. Therefore, because the undersigned finds that Plaintiff has failed to allege any plausible cause of action against any defendant, the Court may *sua sponte* dismiss Plaintiff's claims against Kaiser Family Foundation Georgia and Dr. Galura on its own motion under Rule 12(b)(6) for failure to state a claim as long as Plaintiff has notice of the intention to dismiss and an opportunity to respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). The 14-day time frame for filing objections to these recommended dismissals provides Plaintiff with

notice and an opportunity to respond. *See Cabrera ex rel. Lucinda Trust v. LoanCare*, No. 3:12-cv-2054-M, 2013 WL 664687, at *4 n.6 (N.D. Tex. Jan. 22, 2013), *rec. adopted*, 2013 WL 673898 (N.D. Tex. Feb. 25, 2013); *see also Turner v. Nationstar Mortg. LLC*, No. 3:14-cv-1704-L-BN, 2015 WL 585598, at *10 (N.D. Tex. Feb. 11, 2015) (noting that "[t]he Fifth Circuit has recognized that, when one defending party establishes that the plaintiff has no cause of action, this defense generally inures also to the benefit of other similarly situated defendants" and – because, there, moving defendants had established that the plaintiff had "failed to allege a factual basis for each cause of action" – the court dismissed the claims "against non-moving, similarly situated defendants" (citing *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) (per curiam) (noting that "it would be 'incongruous' and 'unfair' to allow some defendants to prevail, while not providing the same benefit to similarly situated defendants" (citations omitted)))); *accord Patel v. Haro*, 470 F. App'x 240, 245 (5th Cir. 2012) (per curiam); *Armenta v. Pryor*, 377 F. App'x 413, 414 n.1 (5th Cir. 2010) (per curiam); *McCarty v. Zapata County*, 243 F. App'x 792, 794-95 (5th Cir. 2007) (per curiam).

## Recommendation

Moving Defendants' motion to dismiss [Dkt. No. 19] should be granted, and Plaintiff's claims against all defendants, including Kaiser Family Foundation Georgia and Dr. Enrique Galura, both named as defendants but not yet appearing, should be dismissed without prejudice to Plaintiff's right to renew her claims by filing an amended complaint that complies with Federal Rule of Civil Procedure 8 in a jurisdiction where personal jurisdiction over the defendants could be obtained.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-14-