IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSE ADANMA DURU, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:14-cv-3817-N-BN |
| | § | |
| TSPMG KAISER PERMANENTE | § | |
| GEORGIA, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case was referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. On May 26, 2015, the Court entered judgment, dismissing this action without prejudice to Plaintiff Rose Adanma Duru's right to file an amended complaint that complies with Federal Rule of Civil Procedure 8 and renew her claims in a jurisdiction where personal jurisdiction over the defendants could be obtained, which, as the Court has explained to Plaintiff, is not the Northern District of Texas. *See* Dkt. Nos. 28, 29, & 30.

On August 18, 2015, the Court received and docketed a filing by Plaintiff styled as an amended complaint [Dkt. No. 31]. This pleading is now before the undersigned pursuant to the standing order of reference, and the undersigned recommends that the Court should liberally construe Plaintiff's post-judgment amended complaint as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), deny

the motion, and deny Plaintiff's requests that she be refunded the filing fee and awarded costs.

## Applicable Background

Defendants The Southeast Permanente Medical Group, Inc. (improperly identified in the complaint as TSPMG Kaiser Permanente Georgia) ("TSPMG"), Dr. Robert Schreiner, Dr. Reed Pitre, Kerry Kohnen, Dr. Lawrence Carver, and Dr. Jeffrey Klopper (collectively, the "Moving Defendants") moved to dismiss Plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). *See* Dkt. No. 19; *see also* Dkt. Nos. 20 & 21. The undersigned recommended that the Moving Defendants' motion be granted and also recommended that Plaintiff's claims against all defendants, including Defendants Kaiser Family Foundation Georgia and Dr. Enrique Galura, both named as defendants but not appearing in this action, should be dismissed without prejudice to Plaintiff's right to file an amended complaint that complies with Federal Rule of Civil Procedure 8 and renew her claims in a jurisdiction where personal jurisdiction over the defendants could be obtained. *See* Dkt. No. 28. Plaintiff did not file an objection, and the Court accepted the recommendation and entered judgment accordingly. *See* Dkt. Nos. 29 & 30.

Through her post-judgment amended complaint [Dkt. No. 31], which Plaintiff dates as August 17, 2015, *see id.* at 1 – more than 80 days after the Court entered judgment – Plaintiff contends that her action was dismissed without due process and because of judicial bias and requests that she be awarded $510.89 (composed of a refund of the $400 filing fee and the amount she paid to serve the defendants and for

copies), *see id.*

## Legal Standards and Analysis

While Plaintiff does not specify the legal basis for the relief she is seeking, "given Plaintiff's *pro se* status and the fact that [s]he is asking the [Court] to vacate its prior order[] dismissing [her action]," the Court should "liberally construe Plaintiff's [post-judgment amended complaint] as being filed pursuant to Rule 60(b)." *Jones v. Thomas*, 605 F. App'x 813, 815 n.1 (11th Cir. 2015) (per curiam); *see also Raul v. Am. Stock Exch., Inc.*, Nos. 95 Civ. 3154 (SAS) & 95 Civ. 8361 (SAS), 1996 WL 627574, at *2 (S.D.N.Y. Oct. 29, 1996) ("A *pro se* party's motions must be 'liberally construed' in favor of that party and are held to 'less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Hughes v. Rowe*, 449 U.S. 5, 10 (1980) (per curiam) (in turn citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)))).

Rule 60(b) provides grounds for relief from a final judgment, order, or proceeding. FED. R. CIV. P. 60(b). The rule should only be applied in "extraordinary circumstances," *B-F Invs. v. F.D.I.C.*, 252 F.3d 434, 434 (5th Cir. 2001), and primarily applies in cases in which the "'true merits of a case might never be considered because of technical error, or fraud or concealment by the opposing party, or the court's inability to consider fresh evidence,'" *Swift Chem. Co. v. Usamex Fertilizers*, 490 F. Supp. 1343, 1350 (E.D. La. 1980) (quoting *Fackelman v. Bell*, 564 F.2d 734, 735-36 (5th Cir. 1977)). "A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1).

"The burden of establishing at least one of the Rule 60(b) requirements is on [Plaintiff] as the movant, and the determination whether that burden has been met rests within the discretion of the court." *Bahsoon v. Wells Fargo Bank, NA*, No. 3:12-cv-2017-D, 2013 WL 1831786, at *1 (N.D. Tex. May 1, 2013) (citing *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc)).

Plaintiff's conclusory claim that her action "was dismissed ... without due process" does not entitle her to relief under Federal Rule of Civil Procedure 60(b)(4). *See F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) ("[A] judgment may be set aside under Rule 60(b)(4) when 'the district court acted in a manner so inconsistent with due process as to render the judgment void.'" (quoting *Callon Petroleum Co. v. Frontier Ins. Co.*, 351 F.3d 204, 210 (5th Cir. 2003))). "Such circumstances are rare because due process in civil cases usually requires only proper notice and service of process and a court of competent jurisdiction. '[P]rocedural irregularities during the course of a civil case, even serious ones, will not subject the judgment to collateral attack.'" *Callon*, 351 F.3d at 210 (quoting *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 143 (5th Cir. 1996)).

Here, like in *Callon*, Plaintiff had an opportunity to oppose the motion to dismiss – she in fact filed an opposition to that motion, *see* Dkt. No. 23 – and she was sent a copy of the undersigned's recommendation that her action should be dismissed (and has not claimed that she did not receive that recommendation), thus, she cannot argue

that she was denied due process in this action.

Plaintiff's unsupported claim that her "cause was dismissed due to judicial bias" is also unavailing under whichever Rule 60(b) reason it may fit. *Cf. Campbell v. Miles*, 228 F.3d 409, 2000 WL 1056131, at *3 (5th Cir. July 20, 2000) (per curiam) (considering an allegation of juror bias under Rule 60(b)(6), and noting that, "[u]nder Rule 60(b)(6), the trial court may relieve a party from a final judgment for any reason justifying relief from the operation of the judgment. A court may grant relief under Rule 60(b)(6) only under extraordinary circumstances" (citations and brackets omitted)); *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (the "residual clause" of Rule 60(b)(6) is "used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances."(quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986))).

Related to Plaintiff's judicial bias claim,

> [t]he Fifth Circuit has held that a legally sufficient affidavit of personal bias and prejudice on the part of a judge[, under 28 U.S.C. § 144,] must meet three requirements: it must (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that bias exists; and (3) show that the bias is personal rather than judicial in nature.

*Northrup v. Bell*, No. 6:11cv222, 2013 WL 2242446, at *5 (E.D. Tex. May 21, 2013) (citing *Henderson v. Dep't of Pub. Safety & Corrs.*, 901 F.2d 1288, 1296 (5th Cir. 1990)).

Plaintiff has failed to submit an affidavit of bias. And, even if the Court interprets her post-judgment amended complaint as such an affidavit, she states no facts in support of her bias allegation, nor does she allude to any, other than that the

Court has dismissed her action. But "it is well established that mere disagreements as to rulings made are almost always insufficient to show bias." *Id.* (citing *Liteky v. United States*, 510 U.S. 540 (1994) (in turn citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966))).

Finally, Plaintiff neither presents a reason why she is entitled to costs – for example, she did not prevail against the defendants on any claims asserted in this action – nor is she entitled to a refund of the filing fee because the Court dismissed her action. *Cf. Orozco v. Khoshdel*, 290 F. App'x 648, 649 (5th Cir. 2008) (per curiam) (*pro se* civil rights litigant "is not entitled to a refund of the $455 appellate filing fee simply because his appeal was dismissed for failure to timely file a notice of appeal" (citations omitted)).

**Recommendation**

The Court should liberally construe Plaintiff's post-judgment amended complaint [Dkt. No. 31] as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b), deny the motion, and deny Plaintiff's requests that she be refunded the filing fee and awarded costs.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 12, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE